**DARYOUSH TOOFANIAN, ESQ.**
BAR NO. 24039801
RAD LAW FIRM
8001 LBJ SUITE 300
DALLAS, TEXAS 75251
PH: 972-661-1111
FAX: 972-661-3537
DTOOFANIAN@RADLAWFIRM.COM

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

| | | |
|---|---|---|
| **JOANI WHITE** § | | |
| **PLAINTIFF,** § | | |
| § | | |
| **V.** § | **Civil Action No.** __17-942__ | |
| § | | |
| **K&A PIZZA COMPANY,** § | | |
| **DEFENDANT.** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES,** JOANI WHITE, hereinafter called Plaintiff, complaining of and about K&A PIZZA COMPANY, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### I.  PARTIES AND SERVICE

   1.   Plaintiff Joani White is and individual whom resides in and is a citizen of Dallas County, Texas.

   2.   Defendant K&A Pizza Company is organized under the laws of the State of Colorado and is a citizen of the state of Colorado and resides in Colorado. Service of process on the Defendant may be effected by serving the registered agent of the corporation, **Jeanne Doremus at 418 E. Cooper Avenue, Suite 203, Aspen, CO 81611,** its registered office. Service of said

Defendant as described above can be effected by personal delivery. This Defendant owned and operated the restaurant which does business as New York Pizza at 409 E. Hyman Ave in Aspen, Colodado where the incidents giving rise to this lawsuit occurred.

## II. JURISDICTION AND VENUE

3. This case is properly filed in Federal District Court pursuant to 28 U.S.C. §1332(a) because this suit involves a controversy between citizens of different states. Plaintiff resides in and is a citizen of the state of Texas, Defendant's principal place of business is Colorado and Defendant is a citizen of the state of Colorado. As such, these parties are completely diverse. Additionally, Plaintiff suffered severe and life altering injuries, such that the amount in controversy in this case greatly exceeds $75,000.00.

4. The Colorado United States District Court is the proper venue for this action because all or a substantial part of the events giving rise to this action occurred in Aspen, Colorado.

## III. CONDITIONS PRECEDENT

5. All conditions precedent to the filing of this matter have been met.

## IV. AGENCY, RESPONDEAT SUPERIOR and ALTERNATIVE ALLEGATIONS

6. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant, Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

7. Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

8. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendant, Defendant, occurred within the scope of the

general authority and for the accomplishment of the objectives for which such employee was employed.

9.  Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

10. All legal and factual allegations contained herein are made additionally and in the alternative to all other legal and factual allegations, and additionally and alternatively against all Defendants.

### V. FACTS

11. At all times material hereto, Defendant was the possessor in control of the premises located in Aspen, Colorado which does business as New York Pizza.

12. On or about October 11, 2015, Joani White was a paying patron (Invitee) at New York Pizza, when she was violently attacked by Jennifer Harrison. Specifically, Harrison initially approached the table occupied by White and her friends and attempted to create an altercation. Harrison was loud and aggressive when she approached the table and seemed impaired. White and her group were able to successfully diffuse the situation, until such time that Harrison returned to terrorize her. Fearing for her well being, White decided to voluntarily leave New York Pizza. As she was leaving, she was pushed down the flight of stairs which exit the establishment by Harrison, and was caused significant injuries.

13. Upon information and belief, Harrison was a "regular" at New York Pizza. Such that White observed her consuming unfinished beer and food left by other patrons, undisturbed by New York Pizza personnel. Throughout the entire course of events detailed herein, New York Pizza did absolutely nothing and instead turned a blind eye.

## VII. LIABILITY

14. In this petition when any allegation is made, it is made in addition to and in the alternative to every other allegation contained herein.

**PREMISES LIABILITY**

15. Plaintiff was a customer transacting business on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute § 13-21-115.

16. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers for which they actually know of or should have known.

17. Defendant is was legally responsible for the condition of the premises or for the activities conducted or circumstances existing described herein and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff and others similarly situated.

18. The assailant, Jennifer Harrison presented a danger to Plaintiff. Based on her very public confrontation earlier, and other factors, Defendant knew or should have known this. Defendant failed to exercise reasonable care to protect Plaintiff from this hazard, and is liable therefore to the Plaintiff for the damages caused.

19. Specifically, Defendant failed to (1) timely remove Harrison, (2) timely intervene in Harrison's assaults of Plaintiff, (3) implement procedures and maintain instrumentalities, including but not limited to, sufficient trained personnel, to deter or otherwise prevent Harrison from assaulting Plaintiff  (4) develop adequate response plans and procedures, and (6) provide proper employee training.

## VIII.  DAMAGES FOR PLAINTIFF, JOANI WHITE

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered:

A. Reasonable medical care and expenses in the past.;

B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Physical pain and suffering in the future;

F. Mental anguish in the future;

G. Physical impairment in the past;

H. Physical impairment which, in all reasonable probability, will be suffered in the future;

I. Economic losses, including, loss of earning capacity in the past and loss of earning capacity which will, in all probability, be incurred in the future;

K. Disfigurement in the past;

L. Disfigurement in the future;

21. By reason of the above, Plaintiffs, JOANI WHITE has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, JOANI WHITE, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within

the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

                                                Respectfully submitted,
By: /s/ Daryoush Toofanian
DARYOUSH TOOFANIAN
Rad Law Firm, PC
Texas Bar No. 24039801
8001 LBJ, Suite #300
Dallas, Texas 75251
Tel. (972)661-1111
Fax. (972)661-3537
Email: dtoofanian@radlawfirm.com
**ATTORNEY FOR PLAINTIFF**